**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 5:11-cv-05705 EJD |
| KRISHAN CORPORATION, | (Appeal from Days Inn Worldwide, Inc. v. Krishan (In re Krishan Corporation), Bankr. N.D. Cal. (San Jose) Case No. 10-50824, Adv. No. 10-5104) |
| Debtor. / | |
| DAYS INN WORLDWIDE, INC., | Adv. Proc. No. 10-5104 |
| Plaintiff(s)/Respondent(s), | **ORDER DISCHARGING ORDER TO SHOW CAUSE; ISSUING ALTERNATIVE ORDER TO SHOW CAUSE** |
| v. | |
| KRISHAN CORPORATION, | |
| Defendant(s)/Appellant(s). / | |

Appellant Krishan Corporation ("Appellant") filed a Notice of Appeal from a decision of the bankruptcy court on November 29, 2011. See Docket Item No. 1. On April 18, 2012, this court issued an Order to Show Cause ("OSC") requiring Appellant to explain what appeared to be a failure to prosecute this action. See Docket Item No. 4. The court notified Appellant that the court would dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) if Appellant failed to show good cause as directed.

Appellant filed a return to the OSC on April 26, 2012. See Docket Item No. 5. According to Appellant's counsel, he was unaware that the appellate record had actually been transmitted from bankruptcy court because of an entry by the district court clerk on PACER/ECF. Within the docket item noting transmission of the record, the clerk also wrote: "PLEASE TAKE NOTE THE

1

CASE NO. 5:11-cv-05705 EJD
ORDER TO SHOW CAUSE

1  RECORD HAS NOT BEEN E-FILED." Appellant's counsel took this phrase to mean that the
2  record was either incomplete or improperly filed.

3  The court has investigated this matter further in light of Appellant's return and has
4  discovered that the appellate record has not actually been transmitted from the bankruptcy court
5  despite the notation on the transmitted letter. See Docket Item No. 3 ("Enclosed please find the
6  record of designated items and a certificate of record for an appeal that has been previously sent to
7  the district court."). Accordingly, Appellant's obligation to file an opening brief pursuant to
8  Bankruptcy Local Rule 8010-1 has not yet been triggered. The OSC issued April 18, 2012, is
9  therefore DISCHARGED.

10  At the same time, however, the court recognizes this case is Appellant's to prosecute, and it
11  is Appellant's obligation - not that of the clerk or the court - to ensure that an appropriate record is
12  presented. Accordingly, the court finds it appropriate to issue an alternative OSC requiring
13  Appellant to investigate the whereabouts of the record in this matter. Such investigation should
14  include, but is not necessarily limited to, contact with the bankruptcy clerk in charge of forwarding
15  the record from that court to the district court. Appellant may provide the bankruptcy clerk a copy
16  of this OSC and may inform the bankruptcy clerk that the record has not been received. Appellant
17  may also inform the clerk that it may be necessary to send the record once again if it was sent
18  previously.

19  Appellant shall file a brief declaration in response to this OSC detailing the efforts made to
20  secure the record and providing any other pertinent information on or before **May 25, 2012.** If
21  Appellant does not file a response as directed, the court will dismiss the action with prejudice
22  pursuant to Federal Rule of Civil Procedure 41(b).

23  No hearing will be held on the order to show cause unless otherwise ordered by the Court.
24  **IT IS SO ORDERED.**

26  Dated:  May 9, 2012

EDWARD J. DAVILA
United States District Judge

2

CASE NO. 5:11-cv-05705 EJD
ORDER TO SHOW CAUSE