IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE:<br><br>KRISHAN CORPORATION,<br><br>        Debtor.<br>_____/<br><br>DAYS INN WORLDWIDE, INC.,<br><br>        Plaintiff(s)/Respondent(s),<br>    v.<br><br>KRISHAN CORPORATION,<br><br>        Defendant(s)/Appellant(s).<br>_____/ | CASE NO. 5:11-cv-05705 EJD<br><br>(Appeal from Days Inn Worldwide, Inc. v. Krishan (In re Krishan Corporation), Bankr. N.D. Cal. (San Jose) Case No. 10-50824, Adv. No. 10-5104)<br><br>Adv. Proc. No. 10-5104<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Docket Item No. 14] |

In this bankruptcy action, presently before the court is Respondent Days Inn Worldwide, Inc.'s ("Respondent") Motion to Dismiss the appeal. See Docket Item No. 14. Appellant Krishan Corporation ("Appellant") did not file an opposition to the motion, and the time for filing such opposition has passed.

Jurisdiction arises pursuant to 28 U.S.C. § 158. For the reasons explained below, Respondent's motion will be granted.

### I. BACKGROUND

Appellant filed a Notice of Appeal from a decision of the bankruptcy court on November 29, 2011. See Docket Item No. 1. In the absence of any activity, this court issued an Order to Show Cause ("OSC") on April 18, 2012, requiring Appellant to explain what appeared to be a failure to

1

CASE NO. 5:11-cv-05705 EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

1  prosecute this action. See Docket Item No. 4. Appellant filed a return to the OSC explaining the

2  reason it had not filed an opening brief. See Docket Item No. 6. The court accepted Appellant's

3  explanation and discharged that initial OSC but, at the same time, found it appropriate to issue an

4  alternative OSC on May 9, 2012, containing the following instructions:

> At the same time, however, the court recognizes this case is Appellant's to prosecute, and it is Appellant's obligation - not that of the clerk or the court - to ensure that an appropriate record is presented. Accordingly, the court finds it appropriate to issue an alternative OSC requiring Appellant to investigate the whereabouts of the record in this matter. Such investigation should include, but is not necessarily limited to, contact with the bankruptcy clerk in charge of forwarding the record from that court to the district court. Appellant may provide the bankruptcy clerk a copy of this OSC and may inform the bankruptcy clerk that the record has not been received. Appellant may also inform the clerk that it may be necessary to send the record once again if it was sent previously.

See Docket Item No. 7.

As it had previously, the court also notified Appellant that this action would be dismissed pursuant to Federal Rule of Civil Procedure 41(b) if Appellant did not respond to the OSC or otherwise failed to show good cause as directed.

Appellant filed a return to the alternative OSC on May 25, 2012. See Docket Item No. 9. This motion followed on November 2, 2012.

## II. LEGAL STANDARD

Respondent bases this motion on Federal Rule of Bankruptcy Procedure 8001, which states:

> An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal.

In this district, also applicable is Bankruptcy Local Rule 8007-1:

> Any appellee may file a motion in the District Court to dismiss the appeal. The motion shall be supported by an affidavit or declaration of counsel for the moving party, setting forth the date and substance of the judgment or order from which the appeal is taken, the date upon which notice of appeal was filed, and the facts showing appellant's failure to perfect the appeal in the manner prescribed by Bankruptcy Rule 8006.

These bankruptcy-specific rules certainly explain Respondent's impetus for bringing this

United States District Court
For the Northern District of California

motion. But there is also more general authority that can be applied.

Here, Appellant did not file opposition to this motion within the time allowed by the court's local rules. In addition, Respondent contends that Appellant did not sufficiently comply with the alternative OSC issued by the court on May 9, 2012. "Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir.) (per curiam), cert. denied, 516 U.S. 838 (1995). As is the failure to follow a court order. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).

The court will examine Respondent's motion with the entirety of this authority in mind.

### III. DISCUSSION

The court recognizes that dismissal under these circumstances would be the equivalent of a sanction. In that regard, the Ninth Circuit has provided certain guidance. When considering dismissal for procedural failure, "the selection of the sanction to be imposed must take into consideration the impact of the sanction and the alternatives available to achieve assessment of the penalties in conformity with fault," with particular attention given to whether a party will be inappropriately punished for the neglect of counsel. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985); Morrissey v. Stuteville (In re Morrissey), 349 F.3d 1187, 1190-91 (9th Cir. 2003).

Similarly, before dismissing the action for failure to comply with a local rule or court order, the court must weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Ferdik, 963 F.2d at 1260-61.

In support of its motion, Respondent argues that Appellant is in procedural default because it failed to file an opening brief in accordance with the local bankruptcy rules. Respondent also argues that Appellant has not demonstrated diligence in attempting to secure the record or progress this case in response to the alternative OSC.

As to the Respondent's first argument, the court cannot agree that Appellant is in procedural

3
CASE NO. 5:11-cv-05705 EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

default. Bankruptcy Local Rule 8010-1 requires the appellant to serve and file the opening brief "within 28 days after entry of the appeal on the District Court's docket pursuant to Bankruptcy Rule 8007" unless the district judge orders otherwise. Here, the district court ordered appellant to serve and file a brief "28 days after the record on appeal has been entered on the District Court docket." See Docket Item No. 2. The record on appeal has not yet appeared on the docket. Thus, Appellant's deadline to file an opening brief has not yet been triggered.[1]

It does appear, however, that Appellant has not taken any steps to progress this action since filing a return to the alternative OSC on May 25, 2012. This is true despite the admonishment informing Appellant of its obligation to prosecute and ensure the presentation of a complete record. Although Appellant had the opportunity to explain its efforts or otherwise inform the court why this case should not be dismissed, it chose not to file an opposition to this motion.

Appellant's failure to respond is a violation of Civil Local Rule 7-3.[2] Moreover, the court must construe the lack of any statement from Appellant as a concession that this motion is meritorious. Accordingly, the court finds that Appellant, through its inaction, has not served the public's interest in the expeditious resolution of litigation. Indeed, this case has occupied a place on the court's very-much impacted civil docket and remains open with little prospect of resolving under these circumstances.

The court has also considered the risk of prejudice to Appellant, the public policy favoring disposition of cases of their merits, and the availability of less drastic sanctions. While, in general, dismissal at this juncture is certainly not a preferred result due to the obviously adverse consequences for Appellant, the court sees no other viable option at this point. As explained, the court previously ordered Appellant to investigate the whereabouts of the record to ensure that it was filed on the district court docket. The court's efforts at spurring some attention to this case were

---

[1] The same conclusion compelled the court to discharge the original OSC. See Docket Item No. 7.

[2] "The opposition must be filed and served not more than 14 days after the motion was filed." Civ. L. R. 7-3(a). Alternatively, "[i]f the party against whom the motion is directed does not oppose the motion, that party must file with the Court a Statement of Nonopposition within the time for filing and serving any opposition." Civ. L. R. 7-3(b).

4
CASE NO. 5:11-cv-05705 EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

1 unsuccessful, however, since the record still has not appeared some ten months later. In the absence
2 of an alternative explanation, it does not appear that Appellant has done much, if anything, to
3 alleviate the deficiency.
4     The court has therefore determined that dismissal is appropriate in light of Appellant's
5 inaction coupled with its violation of the local rules. Respondent's motion will be granted.

### IV. ORDER

Based on the foregoing, Respondent's Motion to Dismiss the appeal (Docket Item No. 14) is GRANTED. The appeal is DISMISSED. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: February 8, 2013



EDWARD J. DAVILA
United States District Judge

*United States District Court*
*For the Northern District of California*

CASE NO. 5:11-cv-05705 EJD
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS